IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HUNG-NI W.,**
**Respondent Below, Petitioner**

**v.)  No. 25-ICA-25**    (Fam. Ct. of Jefferson Cnty. Case No. FC-19-2012-D-335)

**CHRISTOPHER W.,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Petitioner Hung-Ni W.[1] ("Mother") appeals the Family Court of Jefferson County's December 17, 2024, order that held her in civil contempt for failing to pick up the parties' child from Respondent Christopher W. ("Father") when it was her parenting time.[2] Father did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's order and remanding the matter for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married in 2002 and divorced by final order entered on March 13, 2014. Two children were born during the marriage in 2006 and 2007.[3] After the parties separated, Mother relocated to Fairfax County, Virginia, approximately ninety minutes from Jefferson County. The final divorce order entered on March 13, 2014, awarded primary custody of the children to Mother. Father was awarded parenting time two weekends every month, half of the summer break, and holiday visitation. Mother was required to "pick the children up from Father" at the end of Father's weekend parenting

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is self-represented.

[3] Contrary to the family court's order referencing the "children," the child born in 2006 has reached the age of majority and is not the subject of this appeal.

times. The order was silent regarding the transportation requirements for summer and holiday visitations.

At some point in 2024, both parties filed petitions for contempt. Mother's petition alleged that Father had not paid his portion of medical bills. Father's petition alleged that Mother had not been complying with the family court's March 13, 2014, order since 2018 by failing to pick the children up from Father's home after visitation. Thereafter, Mother submitted a letter to the family court from her podiatrist dated June 27, 2024, which stated the following:

> [Mother] was under my care on 06/27/24. Based on the evaluation, it is recommended that [Mother] has limitations regarding driving and should avoid long distance walking due to pathology and associated pain. These recommendations are crucial for managing the patients [sic] condition promoting recovery.

On July 2, 2024, the family court held the first hearing on the parties' contempt petitions. The parties testified that the only child at issue was their seventeen-year-old son because their other child had reached the age of majority. Father testified that the child wanted to remain in the primary custody of Mother because of the child's friends and that Father did not ask for a modification of custody because he knew that the child would not agree. The parties also testified that they had been deviating from the original parenting agreement to accommodate their son's active social life and lack of a driver's license.

Father testified that he resides in Jefferson County during his parenting time, but at other times, resides in Maryland with his current wife. He indicated that he must always transport their son back to Virginia after his visitations because Mother refuses to travel and pick up the child as previously ordered. The family court informed Mother that if she wanted parenting time with son, she was required to drive to Father's to get the child. Otherwise, the child would simply remain at Father's home. While Mother was permitted to testify that she was unable to drive due to health issues, the family court refused Mother's attempts to present medical evidence to justify her failure to pick the child up from Father's home. Instead, the family court stated, "I am not giving anybody a break today for that. I am here on a contempt." The court noted that Mother would need to make other arrangements for transportation if she could not drive, then concluded the hearing by modifying the previous order to require the parties to meet halfway to exchange custody. The family court also indicated that it was not holding Mother in contempt.

On November 12, 2024, the family court held the final hearing on the parties' contempt petitions. During this hearing, the family court again denied Mother's attempts to present evidence regarding her medical condition and her corresponding inability to

travel, even halfway, to facilitate visitation exchanges with Father as directed by the court at the July 2, 2024, hearing.

By final order entered on December 17, 2024, the family court found that Mother testified that she was unable to drive long distances and refused to travel to Father's home to pick up the child. The family court modified the March 13, 2014, order by requiring the parties to meet at a specific location in Virginia to exchange the child.

The family court's order also found Mother to be in willful civil contempt of its prior orders for her failure and refusal to transport the children for parenting time with Father. The court concluded that "FAILURE OF THE [MOTHER] TO COMPLY WITH THIS ORDER MAY RESULT IN THE [MOTHER] FACING INCARCERATION FOR SUCH FAILURE TO COMPLY." It is from this order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises three assignments of error. First, Mother argues that the family court abused its discretion by failing to consider that she was unable to presently comply with the court's March 13, 2014, order. We agree.

When a court entertains a petition for civil contempt, "the general rule is that the burden of proof rests with the complaining party to demonstrate . . . that the [nonmoving party] is in noncompliance with a court order." *Carpenter v. Carpenter*, 227 W. Va. 214, 219, 707 S.E.2d 41, 46 (2011). Further, the moving party must also demonstrate that his or her rights have been prejudiced by the contemnor's noncompliance. *Id.* After it has been shown that a violation has occurred and prejudice has been suffered from the violation, the burden shifts to the nonmoving party to establish any defenses. *Id.* As our Supreme Court of Appeals ("SCAWV") has explained:

> So, where a court order and its violation are established or admitted, the burden is on accused to show facts which will excuse his default, and if the defense or excuse is that of inability to comply with the order, defendant has

3

the burden of proving such inability, that it was real, and not occasioned by his own acts. In 17 Am.Jur.2d Contempt [§] 61 (1964), the following explanation is forwarded: A person who seeks to satisfy the court that his failure to obey an order or decree was due entirely to his inability to render obedience, without fault on his part, must prove such inability.

*State ex rel. Zirkle v. Fox*, 203 W. Va. 668, 672, 510 S.E.2d 502, 506 (1998).

Due process requires a family court to hold a hearing on the matter of contempt and allow the contemnor the opportunity to present evidence in their defense. *See Hoylman v. Hoylman*, No. 22-ICA-146, 2023 WL 1463945, at *2 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). As Mother points out on appeal, the SCAWV has long held that a party cannot be held in civil contempt for failing to comply with a court order if they lack the present ability to do so. *See In re Yoho*, 171 W. Va. 625, 631, 301 S.E.2d 581, 587 (1983). Here, however, Mother was not given the opportunity to present evidence to support her contention that she was physically unable to comply with the family court's order. Rather, the family court summarily rejected Mother's attempts to introduce medical evidence and told Mother to make other arrangements to have her child transported. We find that the family court abused its discretion by not affording Mother a meaningful opportunity to present her defense that she lacked the present ability to comply with the court's directive. Therefore, the matter must be remanded to afford Mother a meaningful opportunity to be heard. Consistent with our decision, we need not address Mother's remaining assignments of error.[4]

We express no opinion as to what the family court's ruling should be after providing Mother with a meaningful opportunity to present evidence in her defense. We simply hold, that given the circumstances reflected in the record, the family court abused its discretion by not permitting Mother the opportunity to produce evidence that she was unable to comply with the court's order. On remand, the family court should schedule a final hearing on Father's petition for contempt and provide the parties the opportunity to be heard in accordance with *Carpenter*. The court shall thereafter enter an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review should either party choose to file a new appeal.

Accordingly, we vacate the December 17, 2024, final order and remand the matter to the family court for further proceedings, consistent with this decision.

---

[4] Mother's remaining assignments of error are that the family court abused its discretion when it: 1) failed to consider reasonable alternatives due to her inability to comply with the order; and 2) made a contempt finding that was contrary to public policy because it was used to punish her.

Vacated and Remanded.

**ISSUED:**  August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White